UNITED STATES DISTRICT COURT
FOR DISTRICT OF KANSAS

| | |
|---|---|
| DELLARINA M. STOUT, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>TRS RECOVERY SERVICES, INC., and TELECHECK SERVICES, INC.<br><br><br>                Defendants. | CIVIL ACTION<br>Case No:  12-CV-2561-RDR/KGS |

## ANSWER OF DEFENDANTS
## TRS RECOVERY SERVICES, INC. AND TELECHECK SERVICES, INC.

NOW COME the Defendants, TRS Recovery Services, Inc. ("TRS") and TeleCheck Services, Inc. ("TeleCheck") (collectively "Defendants") by and through their undersigned counsel and in answer to Plaintiff's Complaint state as follows:

## FIRST DEFENSE

1.      Defendants admit Plaintiff purports to sue under the statute enumerated and purports to bring this action as a class action but deny she is entitled to relief under that statute or to proceed by way of a class action and otherwise deny the allegations of Paragraph 1 of the Complaint.

2.      Defendants admit the allegations of Paragraph 2 of the Complaint.

3.      Defendants admit the allegations of Paragraph 3 of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4 of the Complaint and therefore deny the same.

5.      Defendants deny that TRS's principal place of business is at 6200 South Quebec Street, Greenwood Village, CO 80111-4729 but otherwise admit the allegations of Paragraph 5 of the Complaint.

6.      Defendants deny the allegations of Paragraph 6 of the Complaint.

7.      Defendants deny the allegations of Paragraph 7 of the Complaint.

8.      Defendants admit that TRS works to collect debts owed to others, that TeleCheck cooperates with TRS in its efforts to collect debts owed to TeleCheck, and that some communications with consumers will bear both companies' logos, but otherwise deny the allegations of Paragraph 8 of the Complaint.

9.      Defendants admit that some communications with consumers will bear both TeleCheck and TRS logos, but otherwise deny the allegations of Paragraph 9 of the Complaint.

10.     Defendants admit the allegations of Paragraph 10 of the Complaint.

11.     Defendants admit that when a customer presents a check for payment at a TeleCheck merchant location and the merchant has contracted for the relevant service, the customer's check is scanned and the customer's routing information and account number are transmitted to TeleCheck from the point of sale for purposes of analysis for check warranty and/or processing and otherwise deny the allegations of Paragraph 11 of the Complaint.

12.     Defendants deny the allegations of Paragraph 12 of the Complaint.

13.     In response to the allegations of Paragraph 13 of the Complaint, Defendants deny the reference to "this decision" to the extent it refers to the allegations of Paragraph 12 of the

Complaint but admit that TeleCheck bases its decision whether to warranty a check on a number of factors.

14.     In response to the allegations of Paragraph 14 of the Complaint, Defendants state that they are without knowledge as to the basis for any merchant's decision to accept or reject a particular check   but admit that TeleCheck's decision whether to accept potential warranty liability on a check is made without knowledge as to whether a check-writer has funds in his, her or its account.

15.     Defendants deny the allegations of Paragraph 15 of the Complaint.

16.     Defendants admit that on occasion and despite reasonable efforts to prevent them, bona fide errors may occur in Defendants' analysis of check acceptance and processing. Defendants deny the remaining allegations of Paragraph 16 of the Complaint.

17.     Defendants admit that on occasion and despite reasonable efforts to prevent them, bona fide errors may occur in Defendants' analysis of check acceptance and processing, and otherwise deny the remaining allegations of Paragraph 17 of the Complaint.

18.     Defendants admit there are shared employees who address some customer disputes, but the number of such employees varies, as does the number of disputes, over time, and Defendants otherwise deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations of Paragraph 19 of the Complaint.

20.     Defendants admit that TRS attempted to collect funds in connection with a check of Plaintiff's and otherwise deny the allegations of Paragraph 20 of the Complaint.

21.     Defendants admit that TRS sent Plaintiff a RECR3 as TRS's initial communication regarding a check of hers and otherwise deny the allegations of Paragraph 21 of the Complaint.

OP. 697751.1

22.     Defendants admit that the RECR3 letter is TRS's first communication with certain debtors when a check has been returned by the check-writer's bank with a bankable reason code and when the debtor's name and address are known and otherwise deny the allegations of Paragraph 22 of the Complaint.

23.      Defendants deny that Paragraph 23 of the Complaint completely sets forth the contents of TRS' RECR3 letters and further state that the letters speak for themselves. Defendants deny the allegations of Paragraph 23 of the Complaint to the extent they are inconsistent with the contents of any RECR3 letter.

24.     Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     Defendants admit that the merchant erroneously tried to negotiate duplicate copies of a check of Plaintiff's and otherwise deny the allegations of Paragraph 25 of the Complaint.

26.     Defendants admit that on or about the date of its RECR3 letter, TRS submitted Plaintiff's returned check to her financial institution for payment by redeposit, and that her financial institution paid that item and otherwise deny the allegations in Paragraph 26 of the Complaint

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants admit that TRS negotiated a draft for the returned check fee and otherwise deny the allegations in Paragraph 26 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, those conclusions are denied.

OP. 697751.1

32.     Paragraph 32 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, those conclusions are denied.

33.     Paragraph 33 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, those conclusions are denied.

34.     Defendants admit that Plaintiff purports to bring this action individually and as a class action, but deny that Plaintiff is entitled to do so.  Defendants further deny that the putative class described in Paragraph 34 of the Complaint may be certified.

35.     Defendants deny the allegations of Paragraph 35 of the Complaint.

36.     Defendants deny the allegations of Paragraph 36 of the Complaint.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

38.     Defendants deny the allegations of Paragraph 38 of the Complaint.

39.     Defendants deny the allegations of Paragraph 39 of the Complaint.

40.     Defendants admit that it can easily be determined that its RECR3 letters are lawful communications and otherwise deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     Defendants incorporate Paragraphs 1-41 of this Answer as though the same were set forth at length herein.

43.     Paragraph 43 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants admit that TRS is a debt collector and otherwise deny the allegations of Paragraph 43 of the Complaint.

44.     Defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 44 of the Complaint and therefore deny the same.

5

45.     Defendants deny the allegations of Paragraph 45 of the Complaint.

46.     Defendants deny the allegations of Paragraph 46 of the Complaint.

47.     Defendants deny the allegations of Paragraph 47 of the Complaint.

48.     Defendants admit that Plaintiff demands trial by jury on issues so triable and deny Plaintiff is entitled to trial by jury on any issues not so triable.

49.     Defendants agree that the trial of this matter, if any, should proceed in Kansas City, Kansas.

## SECOND DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims and the claims of putative class members are barred in whole or in part because they arise from a bona fide error that was unintentional and occurred notwithstanding maintenance of procedures reasonably adopted to avoid such error.

## FOURTH DEFENSE

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by waiver.

## FIFTH DEFENSE

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by estoppel.

## SIXTH DEFENSE

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by assumption of the risk.

OP. 697751.1

## SEVENTH DEFENSE

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by payment.

## EIGHTH DEFENSE

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by failure to mitigate damages.

## NINTH DEFENSE

Plaintiff's claims and the claims of some or all of the putative class members are barred in whole or in part by license.

## TENTH DEFENSE

Plaintiff's claims and the claims of some or all putative class members are barred in whole or in part because they arise out of the errors or misconduct of persons not subject to Defendants' control.

## ELEVENTH DEFENSE

Plaintiff's claims and/or the claims of some or all putative class members are barred in whole or in part by accord and satisfaction.

## TWELFTH DEFENSE

Plaintiff's damages and any damages for a putative class are limited by statute.

## THIRTEENTH DEFENSE

Plaintiff's claim and the claims of some or all putative class members is barred for failure to join all necessary parties.

OP. 697751.1

## FOURTEENTH DEFENSE

Plaintiff's claims and/or the claims of some or all putative class members are barred in whole or in part by release.

## FIFTEENTH DEFENSE

The putative class alleged in the Complaint does not satisfy the requirements for class certification set forth in Fed. R. Civ. P. 23 and therefore may not be certified.

## SIXTEENTH DEFENSE

The claims of the Plaintiff and of some or all of the putative class members are barred, in whole or in part, by the statute of limitations.

## SEVENTEENTH DEFENSE

The claims of the Plaintiff and of some or all of the putative class members are barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH DEFENSE

Plaintiff's claims and the claims of some or all putative class members are barred in whole or in part by setoff.

## NINETEENTH DEFENSE

The claims of the Plaintiff and of some or all of the putative class members are barred because they lack standing.

## TWENTIETH DEFENSE

Plaintiff's claims and the claims of some or all putative class members are barred, in whole or in part, because Defendants and/or their assignors have complied with all relevant laws and regulations including, without limitation, the Electronic Funds Transfer Act, 15 U.S.C.§ 1693 et seq., and Regulation E, 12 C.F.R. § 201 et seq.

8

## TWENTY-FIRST DEFENSE

Maintenance of this action as a class action would violate Defendants' rights to due process.

## TWENTY-SECOND DEFENSE

Maintenance of this action as a class action would violate the Rules Enabling Act, 28 U.S.C. § 2072(b).

## TWENTY-THIRD DEFENSE

Plaintiff's claims and the claims of some or all putative class members are barred by the doctrine of claim splitting.

WHEREFORE, Defendants respectfully request that Plaintiff's claims be denied, that the Complaint filed against them be dismissed with prejudice, and that they be awarded such other and further relief as the Court deems just and proper.

Dated: November 13, 2012.

SPENCER FANE BRITT & BROWNE LLP

/s/ J. Nick Badgerow

J. Nick Badgerow          #9138
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66210
(913) 345-8100
(913) 345-0736 (Facsimile)
nbadgerow@spencerfane.com

OF COUNSEL:

/s/  Donald R. Frederico

Donald R. Frederico
PIERCE ATWOOD LLP
100 Summer Street, Suite 2250
Boston, MA 02110
(617) 488-8100
dfrederico@pierceatwood.com

OP. 697751.1

Clifford H. Ruprecht
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100
cruprecht@pierceatwood.com
*Attorneys for Defendants TRS Recovery Services,*
*Inc. and TeleCheck Services, Inc.*

## CERTIFICATE OF SERVICE

This will certify that the foregoing pleading was filed and served electronically using the Court's ECF filing system, this 13th day of November, 2012.

/s/  J. Nick Badgerow
ATTORNEY FOR DEFENDANTS

10